NANCY ENGLISH *et al., Appellants,* v. JULIUS ENGLISH *et al., Appellees.*

Opinion Filed December 2, 1913.

Where land was conveyed to both husband and wife an estate by entirety was created at common law and upon the death of one spouse the entire estate went to the other. The common law has been expressly declared by statute to be of force in this State, except where it has been modified by competent governmental authority, and as there has been no such modification of this principle, an estate by entirety must be held to still exist.

Appealed from Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Decree affirmed.

*I. L. Purcell,* for Appellants;

*Chas. S. Adams,* for Appellees.

SHACKLEFORD, C. J.—The bill of complaint originally filed by the appellants was nominally a bill for the partition of certain described land. The final decree rendered in the cause fully and clearly sets out the subsequent proceedings and reads as follows:

"This cause coming on to be heard upon motion of complainant, dated December 27th, 1912, and filed February 10th, 1913, asking leave to file an amendment to the Bill of Complaint, and said motion for amendment having been set down for hearing and argued by counsel representing the parties hereto by consent, upon the said 10th of February, A. D. 1913, and it appearing to this court by an examination of the papers on file herein that the original bill was filed January 24th, 1912, and was amended by leave of court after answer by defendants and replication filed, by amended and supplemental Bill of Complaint filed October 24th, 1912, and that defendants fully answered the supplemental and amended bill before the cause was set down for hearing and before amendment was sought as heretofore recited, and that said proposed amendment seeks to change the parties and entire theory of the bill as heretofore amended; and it further appearing that Counsel for Complainants now has withdrawn his application for leave to amend and moves to dismiss the cause without prejudice, and it further ap-

pearing that counsel for defendant Eartha M. M. White objects to the granting of such motion to dismiss on the ground that the subject matter of this bill has been involved by bill filed several years ago by other counsel and dismissed by this court and also by one other suit brought by counsel representing complainants herein, which has been also dismissed by this court, and because the action now sought is dertimental to the interest of the defendants, there being no dispute as to facts, and the complainants having now failed to make a case by his pleadings in this cause seeking to attack the title of the defendant Eartha M. M. White, under deed from and will of Sam English, deceased:

It is therefore ordered, adjudged and decreed that the motion of the complainant to dismiss this cause without prejudice be denied.

It is further ordered, adjudged and decreed that the equities of this cause are with Eartha M. M. White, one of the defendants, and that the bill as heretofore amended be and it is hereby dismissed at the cost of the complainants.

Done at Chambers, Jacksonville, Florida, this 11th day of February, A. D. 1913."

From this decree the complainants have entered their appeal and have assigned five errors, but only one point is presented to us for determination, that is whether or not an estate by entirety exists in this State. It is not contended before us that the court erred in refusing the motion of the complainants to dismiss the cause without prejudice, so there is no occasion for us to discuss that phase of the decree. The point urged is that the court erred in finding the equities with Eartha M. M. White, one of the defendants, and for that reason ordering the bill dismissed. There was "no dispute as to facts," as is

recited in the final decree, the cause having been set down for a hearing by the complainants "upon the amended and supplemental bill and the answer filed by the defendants, Eartha M. M. White and Clara White." As is stated very concisely and correctly by the appellees in their brief:

"The undisputed facts in the case are that Adam English, an aged colored man, was seized and possessed of the land involved in this suit on June 8th, 1906, and deeded on that date the same to his grand-daughter Eartha M. M. White, one of the appellees, and that on May 9th, 1907, Eartha M. M. White reconveyed the land back to Adam English *and his wife* Nancy English. That in August, 1908, Adam English died, and his wife claimed title to and conveyed all of the said land to her son Sam English in October of the same year, and Sam the next day conveyed a one-half interest to his neice, the said Eartha M. M. White. Sam English on December 27th, 1911, by his will, made just before his death, devised the remaining half of the land to his neice Eartha M. M. White, and died a few hours thereafter."

As we have already said, the point which we are called upon to determine is as to whether or not an estate by entirety exists in this State. We find the principle very clearly thus laid down in 15 Amer. & Eng. Ency. of Law (2nd ed.) 847:

"Though the modern tendency is to regard the creation of an estate by the entireties as resting not upon a rule of law arising from the supposed incapacity of husband and wife to hold in moities, but upon a rule of construction based on the presumption of intention, it may be laid down as a general proposition that where land is conveyed to both husband and wife, they become seized of the estate thus granted *per tout et non per my,*

and not as joint tenants or tenants in common. The estate thus created is, however, essentially a joint tenancy, modified by the common law doctrine that the husband and wife are one person. Upon the death of one spouse the entire estate goes to the survivor, but the survivor takes no new estate, since there is a mere change in the person holding, and not an alteration in the estate held. Neither spouse can alien or forfeit any part of the estate without the assent of the other, so as to defeat the right of the survivor. There can be no severance of the estate by the act of either, and no partition of the lands during their joint lives. This is the common law doctrine established in *England* and in the *United States*, with the exception of one or two jurisdictions."

The authorities cited in the notes fully support this doctrine. See also 21 Cyc. 1195, and 1 Delvin on Real Estate (3rd ed.) Sections 117 and 118, and numerous authorities cited in the respective notes. The appellants concede that this was the common law rule. The common law has been expressly declared by statute to be of force in this State. Section 59 of the General Statutes of Florida. We have also had occasion frequently to declare that "the common law is in force in this State, except where it is modified by competent governmental authority." See Caras v. Hendrix, 62 Fla. 446, 57 South. Rep. 345, and Warren v. Warren, decided here at the present term. It is contended by the appellants that this principle has been abrogated in this State by statute. To this contention we cannot agree. No statutes have been cited to us expressly changing the common law upon this point, and the statutes called to our attention, which it is claimed change the principle by necessary implication, in our opinion, fail to do so. Section 2294 of the

General Statutes of Florida, has no such effect. This statute reads as follows: "The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants, shall not prevail in this State." See Rabb v. Beaver, 8 Watts & S. (Pa.) 107, text 111; McCurdy v. Canning, 64 Pa. St. 39, text 41; Thornton v. Thornton, 3 Rand. (Va.) 179; Harrison v. Ray, 108 N. C. 215, 12 S. E. Rep. 993; Rogers v. Grider, 1 Dana (Ky.) 242. The married woman's acts, which the appellants cite, can have no such effect. See 15 Amer. & Eng. Ency. Law (2nd ed.) 850, and authorities cited in the notes.

There would seem to be no occasion for further discussion or citations.

The decree must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.