PAUL W. BAILEY, *Appellant,* v. THYRA MAE SMITH AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JENNIE McLEAN BAILEY, AND ALSO IN HER OWN RIGHT, IDA B. McLEAN AND VARRICK M. SMITH AND W. J. SMITH, JR., MINOR HEIRS OF W. J. SMITH, DECEASED, BY IDA M. SMITH AS THEIR NEXT FRIEND, *Appellees.*

En Banc.

Opinion Filed March 27, 1925.

1. An estate by the entireties is an estate held by husband and wife together so long as both live, and after the death of either, by the survivor. It is an estate held by husband and wife by virtue of title acquired by them jointly after marriage.

2. The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part. Each is seized *per tout et non per my.* There is but one estate, and, in contemplation of law, it is held by but one person.

3. Where an estate by the entireties is created neither spouse can alien or forfeit any part of the estate without the assent of the other, so as to defeat the right of the survivor. There can be no severance of the estate by the act of either, and no partition of the lands during their joint lives.

4. An estate by the entireties in personal property may exist in this State.

5. The common and statute laws of England which are a general and not a local nature are in force in this State when not inconsistent with organic or statutory laws.

6. Section 1, Article XI of the State Constitution protects a married woman's property from her husband's debts, but it does not change the nature of the estate a married woman may take or hold in property real or personal.

7. Section 3617, Revised General Statutes, abolishing the right of survivorship in joint tenants does not affect estates by the entireties.

8. The statutes of this State do not give to married women all of the property rights they would have if they were unmarried, but the common law rules relative to the property rights of married women are still in force in this State except as they have been modified or changed by competent governmental authority.

9. Under the law in force in this State there may be a tenancy by entireties in both real and personal property; and whether such an estate exists as the result of the acquisition of property by and in the names of both husband and wife, must be determined by a consideration of the nature and terms of the transaction as portraying the intent of the parties and of the rules of law applicable thereto.

10. Where an estate by the entireties exists the surviving husband takes the entire estate notwithstanding a contrary provision in the will of the deceased wife.

An Appeal from the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*Don Register*, for Appellant;

*W. J. Touchton* and *Oliphant & Oliphant,* for Appellees.

WHITFIELD, J.—This appeal was taken from an order overruling a demurrer to a bill of complaint brought for the partition of personal property, *viz,* a savings bank deposit and several mortgages, all payable to "Paul W. Bailey and Jennie M. Bailey," who it appears were husband and wife. It also appears that Jennie M. Bailey died leaving a will in which she bequeathed to her husband Paul W. Bailey one hundred dollars and to others "all of the rest, residue or remainder" of the testator's property. Partition is sought on the theory that the wife could bequeath her interest in the property that stood in the joint names of husband and wife.

The points presented for adjudication are whether under the laws of Florida, an estate by the entireties in personal property may exist so that the husband may take all of the property by right of survivorship, and whether the allegation of the bill of complaint that Jennie M. Bailey, the testatrix, "was seized and possessed of an undivided one-half interest in common with the said Paul W. Bailey," is sufficient to show a tenancy in common of the property by the husband and wife. As the bill alleges and the exhibits show the choses in action were the property of "Paul W. Bailey and Jennie W. Bailey," the allegation that the testatrix owned "an undivided one-half interest in common" with her husband in the choses in action, is insufficient to show a severable interest of the testatrix, if tenancies by the entireties in choses in action may exist in this State.

An estate by the entireties is an estate held by husband and wife together so long as both live, and after the death of either, by the survivor so long as the estate lasts. 13 R. C. L. 1096. It is an estate held by husband and wife by virtue of title acquired by them jointly after marriage. It is a peculiar and anomalous estate. It is a *sui generis* spe-

cies of tenancy. The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety and not of a share, moiety, or divisible part. Each is seized *per tout et non per my*. There is but one estate, and, in contemplation of law, it is held by but one person." 30 C. J. 564-5; Marble v. Jackson, 245 Mass. 504, 139 N. E. Rep. 442.

Where property is acquired specifically in the name of both husband and wife they become seized of the estate thus granted *per tout et non per my,* and not as joint tenants or tenants in common. The estate thus created is, however, essentially a joint tenancy, modified by the common law doctrine that the husband and wife are one person. Upon the death of one spouse the entire estate goes to the survivor, but the survivor takes no new estate, since there is a mere change in the person holding, and not an alteration in the estate held. Neither spouse can alien or forfeit any part of the estate without the assent of the other, so as to defeat the right of the survivor. There can be no severance of the estate by the act of either, and no partition of the lands during their joint lives. This is the common law doctrine established in *England* and in the *United States,* with the exception of one or two jurisdictions. English v. English, 66 Fla. 427, text 430, 63 South. Rep. 822; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 South. Rep. 376. See McGhee v. Henry, 144 Tenn. 548, 234 S. W. Rep. 509, 18 A. L. R. 103.

This character of estate exists at common law in personal property as well as in realty. Christ's Hospital v. Budgin, 2 Vern 683; Coppin v. ———, 2 P. Williams,, 496; George v. Dutton, 94 Vt. 76, 108 Atl. Rep. 515, 8 A. L. R. 1014 and Notes; 30 C. J. 574; 21 Cyc. 1197. And particularly as to choses in action payable to husband and wife jointly, see 13 R. C. L. p. 1106; West v. McCullough, 123 App. Div.

(N. Y.) 846; In re Blumenthal's Estate, 196 N. Y. S. 764; Patton v. Rawlins, 68 Ind. 245.

The common and statute laws of England which are of a general and not a local nature are in force in this State when not inconsistent with organic or statutory laws. Sec. 71, Rev. Gen. Stats. 1920; English v. English, *supra.*

The Constitution of Florida provides that "All property, real and personal of a wife·owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women." Sec. 1, Art. XI.

This organic provision protects a married woman's property from her husband's debts, but it does not change the nature of the estate a married woman may take or hold i property real or personal.

Section 3617, Revised General Statutes, 1920, provides: "The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants shall not prevail in this State." This enactment ·does not affect estates by the entireties. English v. English, *supra.*

The statutes of the State provide for judicial proceedings for granting a "license" to a married woman as a free dealer "to take charge of and control her estate, to contract and be contracted with, to sue and be sued, and to bind herself in all respects as freely as if she were unmarried." Secs. 3218-3221, Rev. Gen. Stats. 1920. The statutes also provide that a married woman may bring suits concerning her lands in her own name without joining her husband or next friend. Secs. 2937, 3951, Rev. Gen. Stats. 1920. These statutes do not give to married women all of the property rights they would have if they were unmarried, but the common law rules relative to the property rights of married

women are still in force in this State except as they have been modified or changed by competent governmental authority. English v. English, *supra*. See In re Meyer's Estate, 232 Pa. St. 89, 81 Atl. Rep. 145, 24 Ann. Cas. 1240; Union & Mercantile Trust Co. v. Hudson, 147 Ark. 7, 227 S. W. Rep. 1.

Under the law in force in this State there may be a tenancy by entireties in both real and personal property; and whether such an estate exists as the result of the acquisition of property by and in the names of both husband and wife, must be determined by a consideration of the nature and terms of the transaction as portraying the intent of the parties and of the rules of law applicable thereto. 1 Tiffany on Real Prop. (2nd ed.) p. 646.

In this case the allegations and exhibits indicate that under the law an estate by entireties existed with the right of survivorship in the husband to the entire estate in the property sought to be partitioned, and there are no sufficient allegations showing a different character of estate in the premises.

The chancellor should have sustained the demurrer to the bill of complaint with leave to amend in due course.

Reversed.

WEST, C. J., AND ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.