Trover action by First National Bank in Palm Beach, executor of the estate of Bessie M. Rader, deceased, against Leo J. Rader, for damages for conversion by defendant of United States Treasury Bonds alleged to have been the property of deceased. From an adverse judgment, defendant appeals.
Affirmed.
The appellee, executor of the estate of Bessie M. Rader, sued in trover to recover damages from the appellant for the conversion by him of five United States Treasury Bonds of the value of $1,000 each, alleged to have been the property of the testatrix. The jury returned a verdict for the plaintiff, fixing damages at $5,000.
We shall give now a resume of the facts which the jury must have believed in order to reach a verdict for the plaintiff.
Bessie M. Rader was appellant's wife. They maintained a joint account in the bank and a safe deposit box to which both had access. On a certain day during World War II each of them, by separate paper, instructed the bank to purchase $5,000 worth of United States Treasury two and one-half per cent bonds, and the funds in the joint account were used to pay for them. When the bonds were delivered they were put in the common box.
Later Rader's nephew importuned him to endorse a note for $10,000 at another bank to assist the nephew in a business enterprise. Rader accommodated by signing the note and, without his wife's knowledge or consent, deposited as collateral the bonds purchased by him and his wife. Subsequently the note was discharged when Rader substituted at the lending bank his own note for the one endorsed by him and made by his nephew. To the new note were transferred as collateral the same $10,000 worth of bonds. Meanwhile Bessie M. Rader discovered that the bonds had been used as security for the loan; whereupon she remonstrated with her husband, who reproached himself for what he had done and promised to return the securities, or her *Page 2 
part of them, to the safe deposit box. One witness testified that both Rader and his wife stated to the witness that each owned five of the bonds.
Bessie M. Rader soon died — and thirteen days afterward the appellant caused the bonds to be sold and his note to be paid with the proceeds.
In brief, it is appellant's contention that inasmuch as the bonds, though separately ordered, were purchased from the common account, the joint interest in that account was translated to the bonds and an estate by the entireties existed in them also. To support his position appellant cites the rule that neither spouse can alien or forfeit his part of any estate by the entireties without the consent of the other; that there can be no severance by the act of one. We do not pause to elaborate on, or take issue in any degree with, the authorities that have recognized this principle. In truth, we are counted among them. We held precisely that in Bailey v. Smith, 89 Fla. 303, 103 So. 833, 834, where we stated: "Neither spouse can alien or forfeit any part of the estate"; then we added "without the assent of the other * * *."
It seems to us that the qualification comes into play here, as it was established by evidence the jury believed that the parties in effect assented to a dissolution of the estate when they ordered the bonds separately. The funds were transferred by both in the same manner for the same purpose on the same day. Thus they can be said to have acted in concert, and we think a just interpretation of these acts is that they intended to sever the estate by each taking five of the bonds. It is true that the bonds of both, upon delivery, were returned to the common deposit box, but this procedure was nothing more than a matter of convenience and does not require a construction that the estate by the entireties was transmitted from the bank balance to the bonds, or was severed when the bonds were purchased individually and re-created when again they were put in the same place of safety.
To bolster the thought that the parties then and there in a simultaneous effort divided the estate there is testimony, to which the jury gave credence, that each of them afterward declared sole ownership of $5,000 in bonds; that the husband was repentant when his wife upbraided him for taking her bonds surreptitiously; that he promised to return them.
We have found no reversible error in the record; so the judgment is —
Affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.