90 So.2d 39 (1955)
In re ESTATE of E.L. LYONS, Deceased.
Supreme Court of Florida. En Banc.
March 9, 1955.
On Rehearing October 12, 1956.
*40 Hardee & Hardee, C.J. Hardee and Paul Game, Tampa, for appellants.
Oliver C. Maxwell and Laurens S. Jones, Tampa, for Mollie Lyons.
James D. Bruton, Jr., Plant City, for Executors of the Estate of E.L. Lyons, deceased, appellees.
THOMAS, Justice.
In his will E.L. Lyons devised one-half of his estate to his widow, made bequests to certain persons and left the residue to a nephew and his wife. Two savings accounts and some government bonds are involved in this litigation. If they constituted estates by the entireties, as the county judge found initially and the circuit judge held on appeal, they belong to the widow; if not, they must be administered.
One of the accounts was opened in the names of "E.L. Lyons or Mrs. E.L. Lyons" both of whom signed a signature card simply agreeing to the rules and regulations of the bank governing savings deposits. Two and a half years afterward Lyons closed this account, opened a new account in the same bank in his name alone and deposited in it the balance he had withdrawn from the original account. The first account was inactive except for two deposits, three withdrawals and the credit of interest payments by the bank.
In another bank Lyons opened an account in his name and three years later changed it to the names of "Mr. or Mrs. E.L. Lyons." Both persons signed a signature card which directed the bank to recognize the signatures "in payment of funds or the transaction of any other business on my or our account," and the card carried a notation by rubber stamp: "Joint owners payable to either or to survivor, subject to agreement on signature card." Afterward Lyons had his wife's name stricken and the account was then carried in his name alone. This account, too, had been relatively inactive.
The wife neither deposited money in the accounts nor withdrew money from them, and although she had some knowledge of the source of the money deposited, she had none at all about the change or attempted closing of the accounts.
Lyons purchased from time to time U.S. Government Savings Bonds payable to "Mr. Edward L. Lyons or Mrs. Mollie Lyons" until they aggregated $13,000, then he cashed bonds of the face value of $5,500, and purchased that amount of new bonds payable solely to him. We are not now concerned with the remainder of the bonds having a face value of $7,500.
These are the salient facts. The county court, on the trial, and the circuit court, on the appeal, held that the two accounts and the $5,500 worth of bonds were estates by the entireties.
Our problem is much more difficult than it would be were real estate involved. In that case, a deed to a husband and his wife operates to create the estate and it can *41 be terminated only when both convey, when one spouse dies and the survivor becomes the owner of the whole, or when the relationship is dissolved by divorce and the parties become "tenants in common." Sec. 689.15, Florida Statutes 1953, and F.S.A. In the case of personal property where there is no transfer to husband and wife, as by a bill of sale, but only the deposit of money to be withdrawn by either and not necessarily by both, a quite different and more complicated situation arises. Doing v. Riley, 5 Cir., 176 F.2d 449. And there is little difference between monies so deposited and bonds bought by a husband payable to him or to his wife. Surely in these situations there should be stipulations from which it would clearly appear that there was an intention to create estates by the entireties. Otherwise the perplexing problems present in his case inevitably arise upon the death of one spouse.
We have studied the federal regulations governing bonds like those involved in this litigation and we understand that when they are payable to one person or another person, regardless of any relationship between them, either may convert the bonds into cash and the "surviving coowner will be recognized as the sole and absolute owner of the bond." But we cannot hold that if such a bond is payable to a husband or wife and one of them cashes the bond, it will be presumed from the purchase in their joint names that an estate by the entireties was created and that the survivor may follow the proceeds and claim them as absolute owner under the theory that the proceeds take the place of the bond and become by substitution an estate by the entireties. Although the purchase of the bonds under these regulations has some of the characteristics of an estate by the entireties, it is not truly such, and once an owner cashes some of the bonds, the other owner may not pursue the proceeds on the theory that they stand in the place of the bonds sold of which both parties owned all.
The appellants argue that there was an insufficient showing, if not an utter lack of evidence, that at the time the bonds were purchased and the accounts were opened, there was an intention to create estates by the entireties. One of the executors takes sides with the appellants who are beneficiaries; the other with the widow, appellee.
The appellants, as well as the appellee, cite in support of their positions the decision of this Court in Hagerty v. Hagerty, Fla., 52 So.2d 432.
As has been seen from our description of the bank accounts and the bonds purchased by the testator, the disjunctive "or" appeared between his name and his wife's. The appellee states that it was held in Marble v. Jackson, 245 Mass. 504, 139 N.E. 442, that the use of the word "or" does not create an estate by the entireties and that in the case of Madden v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 200 A. 624, 117 A.L.R. 904, the Pennsylvania court held contrariwise. Then she reasons that inasmuch as this Court in Hagerty v. Hagerty, supra, "embraced" the latter decision and "repudiated" the former, an affirmance is now inescapable.
But we cannot follow the appellee so far. In Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205, we specified the characteristics of joint tenancy, namely, unity of possession, sameness of interests, identicalness and simultaneousness of origin, and survivorship, and, in the case of tenancies by the entireties, oneness of person.
One aspect of the litigation in Hagerty v. Hagerty, supra [52 So.2d 432], was the presence or absence of unity of control since checks could be drawn either by the husband or wife under the arrangement with the bank. In disposing of that question, we adopted the view of the Pennsylvania court that unity of control "would not preclude one spouse from acting for the other"; that an account "payable on the order of the husband or his wife" amounted to "`an immediate expression of authority, of agency (of either) to act for both.'" We did not propose to hold that an attempt to establish an estate by the entireties in a bank account would be defeated for lack of unity of control unless *42 each check was required to be signed both by the husband and wife. We were careful to note that the construction was sensible "as applied to the language of the signature cards" from which we quoted.
This sends us to a comparison of the language on the signature cards quoted in Hagerty v. Hagerty, supra, with the language on the signature cards in the instant case. One of the cards now under consideration contained no reference whatever to the elements of estates by the entireties, the other was stamped as we have already quoted, "joint owners, payable to either or to survivor."
On the other hand, in the cited case [52 So.2d 433], one card carried the notation "`Either one or both or the survivor of either are authorized to sign checks. Signature of either one or the survivor to be sufficient for withdrawls of all or any part of the funds.'" The other card bore the provision: "`If the account is joint the depositors agree with each other and with the said bank that all sums * * * shall be owned by the depositors jointly, with the right of survivorship, and shall be subject to payment upon the check of either * * * or the survivor * * *.'" (Italics supplied.)
In fine, we expressly decided in the Hagerty case that the "accounts were opened with the intention that each spouse, acting for himself or both, should have the use of all or any part of the balance at any time and that upon the death of either any remainder should immediately become the property of the survivor * * *" and, therefore, constituted estates by the entireties. At the time the husband died there were balances in the accounts and we held that the balances belonged to the wife. When the pivotal point in the Hagerty case is compared with the pivotal point in the present controversy, we find little similarity except with reference to the second bank account, the one evidenced by the book stamped with words we have quoted. There is no evidence in this record manifesting an intention to establish an estate by the entireties in the first bank account we described, so we will not further discuss it.
We think the second account was opened with the intention of creating an estate by the entireties and that, therefore, upon the husband's death the balance belonged to the wife. He undertook to dissolve the estate by the entireties by the simple process of having a clerk at the bank strike his wife's name from the ledger sheet. This action did not change the nature of the account and we now decide that the balance in that account is the wife's property.
We do not purpose to disturb the ruling of this Court, Bailey v. Smith, 89 Fla. 303, 103 So. 833, that estates by the entireties in personal property including bank accounts, may exist but we must confess that it is difficult to apply the principle to bank accounts because of their very nature. Such accounts when constituting estates by the entireties resemble closely joint accounts created for convenience and, of course, both are more likely than not to fluctuate, while estates by the entireties in real estate are static and any dissolution of them cannot be accomplished without both parties being fully aware of the action.
In Doing v. Riley, supra [176 F.2d 454], it was held that the intent "ought to be made clearly to appear" and in Bailey v. Smith, supra [89 Fla. 303, 103 So. 835], it was written "whether such an estate exists as the result of the acquisition of property by and in the names of both husband and wife must be determined by a consideration of the nature and terms of the transaction as portraying the intent of the parties * * *." The intent may be implied from a deed to husband and wife but such implication may not, for obvious reasons, be indulged where a bank account or bonds simply payable to a man or his wife, are concerned.
It is our conclusion that there was no evidence to establish estates by the entireties in the one bank account and in the bonds, but that such an estate was created *43 in the account that was shown on the bank book to have been opened for the man and his wife jointly, payable to either or the survivor.
Affirmed in part; reversed in part.
MATHEWS, C.J., and TERRELL, HOBSON and ROBERTS, JJ., concur.
SEBRING and DREW, JJ., dissent.

On Petition for Rehearing.
HOBSON, Justice.
On a reconsideration of our original opinion in this case in the light of the petition for rehearing, the majority of the court has decided that we should recede from that portion of our first opinion which holds that the so-called second bank account which contained the rubber stamp notation "joint owners, payable to either or to survivor, subject to agreement on signature card" constituted an estate by the entireties. Except for such modification, we adhere in all respects to the opinion first prepared by Mr. Justice THOMAS.
We have concluded that the rubber stamp notation, together with the other evidence in this case, is insufficient to establish that it was the intention of Mr. and Mrs. E.L. Lyons to create an estate by the entireties in the subject bank account.
The evidence in this case is not sufficient upon "a consideration of the nature and terms of the transaction", Bailey v. Smith, 89 Fla. 303, 103 So. 833, 835, to make it clearly appear that it was the intention of the parties to create an estate by the entireties in either of the two bank accounts. See Doing v. Riley, 5 Cir., 176 F.2d 449. It follows that our original opinion should be, and it is hereby, modified to the extent that the second, as well as the first, mentioned bank account should not be held to constitute an estate by the entireties.
It is so ordered.
DREW, C.J., and THORNAL, O'CONNELL and BUFORD, JJ., concur.
THOMAS, J., adheres to his original opinion.
ROBERTS, J., dissents.