**Stella A. BELLO, Appellant,**

v.

**UNION TRUST COMPANY et al.,**
**Appellees.**

**No. 17569.**

United States Court of Appeals
Fifth Circuit.

May 29, 1959.

Rehearing Denied July 20, 1959.

James E. Thompson, Tampa, Fla. (Fowler, White, Gillen, Yancey & Humkey, Tampa, Fla., of counsel), for appellant.

Thomas C. MacDonald, Jr., Tampa, Fla. (Shackleford, Farrior, Stallings, Glos & Evans, Tampa, Fla., of counsel), for appellee, Union Trust Co.

T. Paine Kelly, Jr., Tampa, Fla., Charles E. Fisher, St. Petersburg, Fla., W. C. Blake, Jr., Tampa, Fla. (Macfarlane, Ferguson, Allison & Kelly, Tampa, Fla., Fisher & Sauls, St. Petersburg, Fla., of counsel), for appellees, St. Petersburg Federal Savings & Loan Assn.

Before TUTTLE, CAMERON, and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The question for decision is the effect of payment to a husband of a check held by husband and wife in tenancy by the entirety,[1] when the husband forged the

1. "An estate by the entireties is the estate created at common law by a conveyance or devise of property to husband and wife. Under such a conveyance or devise husband and wife, by reason of their legal unity by marriage, take the whole estate as a single person with the right of survivorship, as an incident thereto, so that if one dies, the entire estate belongs to the other by virtue of the title orginally vested. The estate conveyed, whether in fee, in tail, for life, or for years, is held by them as a whole and not by moieties—per tout and not per my—with unities of time, title, interest, and possession, and, except as the time of the estate may be limited by the instrument creating it, it is held by husband and wife together so long as both live, unless the marriage relation is sooner dissolved by judicial or legislative decree. An estate by the entireties resembles a joint tenancy, in that there is a right of survivorship in both, and is sometimes referred to as a joint tenancy. Such an estate is, however, clearly distinguishable

indorsement of the wife who was a co-payee.

The facts are undisputed. Appellant and her husband, Angelo J. Bello, from whom she is now divorced, owned a tract of land in Pinellas County, Florida, as tenants by the entireties. In October 1954, the Bellos sold their land to a Mrs. J. L. Dupuy. Both Mr. and Mrs. Bello signed the deed conveying title to the purchaser. In payment of the purchase price Mrs. Dupuy drew a check on the Union Trust Company in the amount of $12,347.03 made payable to Angelo J. Bello and Stella A. Bello.

While the sale of the property was being negotiated, and later, Mrs. Bello was confined in the Fairfield State Hospital, Newtown, Connecticut, where she was treated as a mental patient. Some of the doctors and nurses at the hospital warned her against signing anything as long as she was confined in the hospital. As a result of their warning, Mrs. Bello refused to indorse Mrs. Dupuy's check. In spite of her refusal, her husband presented the check to the collecting bank, St. Petersburg Federal Savings and Loan Association, with his indorsement and the name "Stella A. Bello" signed on the back of the check, Federal paid Mr. Bello the full amount of the check and collected that amount from the drawee bank, Union Trust Company. Some time later Mrs. Bello demanded the amount of her interest in the check from both banks.

When they resisted her demand, she brought this suit.

The defendants filed motions for summary judgment on the ground that as a matter of law Mr. Bello was his wife's agent for receipt and disposal of the proceeds of the check. The motions for summary judgment were granted. We affirm.

 The Florida Negotiable Instruments Law states clearly the well established principle that a forged indorsement is wholly inoperative,[2] and that when an instrument is payable to joint payees who are not partners all payees must indorse it unless one payee has authority to indorse for the others.[3] Equally embedded in the law of Florida, however, is the principle that co-ownership of property between husband and wife gives rise to a tenancy by the entirety unless the spouses stipulate to the contrary.[4] This case slices across the relationship between the entirety concept, as it has developed in Florida, that the husband and wife are one, and the effect of a forged or unauthorized indorsement of commercial paper.

Appellant relies strongly on Elwert v. Pacific First Federal Savings & Loan Association, D.C.Or.1956, 138 F.Supp. 395, 405. In that case the husband forged his wife's indorsement and collected the proceeds. The court held that a collecting bank[5] is "liable to a co-own-

---

from a joint tenancy in that the latter may be invested in any number of natural persons, each of whom is seised of an undivided moiety of the whole, whereas a tenancy by the entirety is vested in two persons only, who are regarded at law as only one and who become seised of the estate as a whole." 26 Am.Jur., § 66, p. 692.

2. F.S.A. § 674.25 provides: "Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce

such right, is precluded from setting up the forgery or want of authority."

3. F.S.A. § 674.44.

4. The doctrine of estates by the entirety in Florida has been severely criticized as "unrealistic logomachy", but there is no doubt as to its viability in Florida. See Ritter, A Criticism Of The Estate By The Entirety, 5 U.Fla.L.Rev. 182 (1951).

5. In view of the fact that we hold the banks are not liable in this case, it is unnecessary to consider fine distinctions between the liability of collecting banks and drawee banks. It suffices for our purposes to say that there is disagreement among the several states as to whether a drawee bank can be liable to a payee. See the Annotation in 137

er of a check upon that bank's acceptance and payment to an unauthorized person of the proceeds of the check upon such co-owner's forged endorsement;" the bank's payment amounted to a conversion of the co-owner's undivided one-half interest. The same result was reached in Hoffman v. First National Bank of Chicago, 1939, 299 Ill.App. 290, 20 N.E.2d 121. There the court held that when the wife's indorsement was forged on a check payable to the husband and wife jointly, the wife could maintain an action against the bank and should be allowed to prove her joint interest in the check.

We find these cases unpersuasive. In each case the wife had a severable, joint interest in the proceeds. Each named payee owned an undivided *one-half* interest in the check. In Oregon, as indicated in Elwert, a tenancy by the entirety cannot be created in personal property. Stout v. Van Zante, 1923, 109 Or. 430, 219 P. 804, 220 P. 414. Thus, a husband and wife who sell real property hold the proceeds of the sale in a joint tenancy, each owning an undivided one-half interest that is severable. In Illinois, as indicated in Hoffman, there is no tenancy by the entirety in real or personal property. See Jacobs v. United States, 7 Cir., 1938, 97 F.2d 784. In the Elwert and Hoffman cases a husband and wife named as co-payees on a check, or on any other form of commercial paper for that matter, own severable and distinct interests in the proceeds of the paper. Neither payee may appropriate the interest of the other. In such circumstances a forged indorsement is significant legally because any wrongful payment amounts to a conversion of the nonsigning payee's distinct interest, insofar as the liability of the bank is concerned.

We have a different matter when we consider a tenancy by the entirety. The essential characteristic of a tenancy by the entirety, and the crucial element in this case, is that each spouse owns the whole of the estate, not an undivided share, moiety, or divisible part. There is but one estate and in contemplation of law the estate is held by one person. Bailey v. Smith, 1925, 89 Fla. 303, 103 So. 833, 834. "The estate thus created", the court said in the Bailey case, "is, however, essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person." Ever since English v. English, 1913, 66 Fla. 427, 63 So. 822, Florida has followed this concept of oneness whenever a case called for application of the entirety doctrine. Thus, there is no divisible share as is the case in a joint tenancy. Newman v. Equitable Life Assurance Society, 1935, 119 Fla. 641, 160 So. 745. Neither spouse may convey individually or forfeit any part of the estate so as to defeat the right of survivorship. Rader v. First National Bank, Fla., 1949, 42 So.2d 1. The theory of oneness, each owning an undivided interest in the whole, has been carried so far that it is said, when one spouse dies the other does not take by inheritance but rather there is just one less owner.[6]

Florida law recognizes a tenancy by the entirety in personal property and in the proceeds derived from the sale of real property. In Dodson v. National Title Insurance Co., 1947, 159 Fla. 371, 31 So.2d 402, 404, the court said:

> "The income from, or the proceeds of, the sale of real estate held by the entirety is equally the property of the husband and the wife. *It is held by the unity. Either one taking possession holds for the benefit of both.*"

A.L.R. 874. It appears, however, that Florida would hold a drawee bank liable to a payee in a proper case. See Lewis State Bank v. Raker, 1939, 138 Fla. 227, 189 So. 227. Thus, when we refer to the liability of the banks in this case, we group collecting and drawee banks together, keeping in mind that this would not be improper in Florida.

6. For an excellent general discussion see the comment in 5 Miami L.Q. 592 (1951).

Under the law of Florida, Angelo and Stella Bello each owned the check; each had an undivided interest in the whole of the proceeds. Payment of the check was, as a matter of law, payment to the "unity", and not merely payment to the one who actually received the proceeds. Possession by one was possession by both.

Merrill v. Adkins, 1938, 131 Fla. 478, 180 So. 41, 44, is controlling in the instant case. In Merrill the wife sued on a note evidencing a debt owed to the husband and wife and executed in favor of them jointly. The note was held in tenancy by the entirety. The court held that the debtor's payment to the husband discharged the note as to both husband and wife. Payment to one was, in law, payment to the other; the wife's proper remedy was to pursue her claim against the husband's estate. The court's reasoning, placed on broad grounds, not on narrow grounds, as appellant argues, is equally applicable here:

> "[T]enancy by the entireties is an indivisible tenancy. The possession by the husband is necessarily also in the law possession by the wife. She cannot deny that his possession is also her possession. The spouses were at all times a unity holding the indivisible obligation just as if the two constituted one single body. The theory of unity of husband and wife is the very foundation of the law of estates by the entireties.

> "The common law in regard to estates by entirety in personal property has not been abrogated by statute in this state. It therefore follows that as to such property the husband may reduce the same to his possession and control, and payment to him of a debt due to the husband and wife as tenants by the entireties will discharge the debt to the extent of the payment made to the husband, while such payment will not change the character of the estate, and if any of the funds derived from such payment remain in the hands of the husband when he dies leaving the wife surviving him she will be entitled to the entire amount of that fund so remaining by the right of survivorship in such estate."

See also McElroy v. Lynch, Mo., 1950, 232 S.W.2d 507 and the Florida case of Mann v. Etchells, 1938, 132 Fla. 409, 182 So. 198.

Appellant seeks to distinguish the Merrill case by pointing out that a note was involved and there was no question of the forgery of an indorsement. This contention might be valid in a case similar to Elwert or Hoffman, if the interest of the nonsigning payee were divisible and could be converted by payment under a forged indorsement. But when the interest is indivisible, as it is here, there is no significant difference between a note and a check that would warrant a distinction in law as to payment. The forged indorsement becomes insignificant because, even if only the husband should be named as payee, payment to the husband would also be payment to the wife insofar as the payor is concerned. Such payment is not affected by the forged indorsement.

The nature of tenancy by the entirety leads us to the inescapable conclusion that when a bank pays one spouse, it has legally paid the other spouse as well.[7] Whatever rights Mrs. Bello has to a share of the proceeds, are rights against her husband; they are not rights against the drawee or collecting bank. A contrary result would do violence to Florida's concept of tenancy by the entirety. If that concept must yield, the task is for the Florida legislature—not this Court.

The judgment is

Affirmed.

---

7. This is consistent with the theory that a bank's liability to a payee is based on the fact that payment to the apparent owner of the check did not discharge the obligation. See Kessler, Forged Indorsements, 47 Yale L.J. 863 (1938). Here, payment did discharge the obligation.