116 So.2d 455 (1959)
Ethel S. GERSON, Appellant,
v.
BROWARD COUNTY TITLE CO., Formerly Broward Abstract Corporation, Appellee.
No. 1103.
District Court of Appeal of Florida. Second District.
December 23, 1959.
*456 Louis A. Sabatino, Miami, for appellant.
Francis K. Buckley, Buckley & Bland, Fort Lauderdale, for appellee.
MORROW, R.O., Associate Judge.
The appellant, Ethel S. Gerson, was plaintiff below and on September 30, 1958, filed her bill of complaint for accounting, alleging that on or about June 21, 1951, she and her then husband owned certain real property in an estate by the entireties; that they were at the time married and living together as husband and wife; and that they employed the defendant (appellee) as their attorney to close a certain real estate transaction in which the plaintiff and her said former husband were the sellers, which closing the defendant accomplished (the same being known and identifiable in the defendant's records as Escrow Account No. 3829); that the defendant issued its check payable to George J. Gerson and Ethel S. Gerson for $23,500 and delivered said check (without authority or consent from the plaintiff) to George J. Gerson, her husband who endorsed his name and forged plaintiff's name on said check, received the proceeds and converted the sum to his own use. The record further discloses that the husband absconded and has not been heard of since. The chancellor entered the final summary decree in favor of the defendant from which this appeal is taken.
The principal question presented is whether the breach of the fiduciary relationship, if one existed, between the plaintiff and the defendant is a breach of trust for which the plaintiff can recover.
The facts are undisputed and no question of laches is raised. The property sold, being an estate by the entireties, was seised entirely by each the husband and the wife who, by common law, are regarded as one person and upon the death of one spouse the entire estate goes to the survivor, the survivor taking no new estate, there merely being a change in the person holding and not an alteration of the estate held. English v. English, 1913, 66 Fla. 427, 63 So. 822.
The question of agency between a husband and wife with reference to entireties *457 is set forth in the case of Anderson v. Carter, Fla.App. 1958, 100 So.2d 831, 833, wherein the court quoted with approval from the case of Madden v. Gosztonyi Savings & Trust Co., 1938, 331 Pa. 476, 200 A. 624, 630, 117 A.L.R. 904:
"`The authorities thus cited would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inure to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or a part of it, in bad faith, into one in severalty.'"
The law is well settled that the husband may accept payment in discharging a note held by the entireties, since tenancy by entireties is an indivisible tenancy and possession by the husband is in law possession by the wife, Merrill v. Adkins, 1938, 131 Fla. 478, 180 So. 41; provided, however, that there is no specific agreement between the husband and wife dividing the property held by the entireties which agreement is known to the payor.
Assuming that the appellee stood in a fiduciary relationship to the appellant and her former husband, would such relationship place a more stringent responsibility upon the appellee than that imposed if the appellee were simply the payor of a debt due to said husband and wife in the entireties? We think not. A fiduciary without knowledge of any specific agreement as to division of property or as to a disrupted marital life may, in the case of an estate by the entireties, discharge its obligation to the husband and the wife by delivering to one spouse a check which is payable to both. Bello v. Union Trust Company, 5 Cir., 1959, 267 F.2d 190.
The question of whether a fiduciary relationship existed herein does not require a decision. However, it may be stated that an abstract and title company which assumes the authority of closing a real estate transaction where neither the seller nor the purchaser is represented by attorneys at law, acts as agent for both and in such capacity is acting in a fiduciary relationship.
The summary final decree was properly entered.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.