DURDEN, WILLIAM L., Associate-Judge.
The appellants were the makers of three separate checks payable to the order of Samuel Ross and Frances (Lurvey) Ross to-talling $3,450.00. Samuel Ross and Frances-(Lurvey) Ross were at all times material hereto husband and wife. The purpose for the execution and delivery of the checks-was to lend this amount to Mr. and Mrs-Ross. In return the appellants were to receive promissory notes from the payees.
The facts clearly establish that Frances-(Lurvey) Ross never endorsed any one of the three checks and further that she did not execute the notes which were delivered to the appellants in exchange for such checks. The evidence does not clearly establish who it was that affixed the name of Mrs. Ross to the notes and who endorsed her name on the checks. It is established that Mr. Ross handled the transaction for both of them and received the funds.
Each of the appellees were endorsers on one or more of the checks and it is their liability as such endorsers that the appellants seek to establish.
*280 The trial court entered a summary judgment in favor of each of the appellees and the propriety of this disposition is now before this court for determination.
The first point that the appellants complain of is that in the granting and entry of the summary judgments the trial judge did not specify the grounds or the basis upon which his conclusions and determinations were founded. The appellants contend that such affirmative indication is an absolute necessity and the appellees, with equal force, insist that such specification is not required.
This court has previously ruled upon this precise point and has held that there is no duty imposed upon a trial judge to set forth findings and conclusions in a summary final judgment. Horner v. State (Fla.App. 3, 1963) 158 So.2d 789.
A careful reading of Rule 1.36 Florida Rules of Civil Procedure, 30 F.S.A. fails to reveal any such requirement except when, under sub-division (d), the case is not fully adjudicated on motion for summary judgment. Obviously if a case is not fully adjudicated there is a necessity for specification by the trial court. While it might be desirable for the trial judge to specify his reasons for granting or denying a summary judgment there does not appear to be any rule or decision that requires him to do so. 30 Fla. Jur., Summary Judgments, § 26, Page 366.
The question before us for a decision on the merits is the effect of payment to a husband only of the proceeds of a check made jointly payable to the husband and wife when the check has been duly endorsed by the husband but the endorsement of the wife has been forged by her husband or another.
Until very recently there had been some confusion in the law of Florida on this point. The leading case had been that of Bello v. Union Trust Company (U.S.C.A. Fifth Circuit 1959) 267 F.2d 190.
In that case the court stated that:
“The question for decision is the effect of payment to a husband of a check held by husband and wife in tenancy by the entirety, when the husband forged the in-dorsement of the wife who was a co-payee.”
In discussing the theory of the case the judge wrote:
“We have a different matter when we consider a tenancy by the entirety. The essential characteristic of a tenancy by the entirety, and the crucial element in this case, is that each spouse owns the whole of the estate, not an undivided share, moiety, or divisible part. There is but one estate and in contemplation of law the estate is held by one person. Bailey v. Smith, 1925, 89 Fla. 303, 103 So. 833, 834. ‘The estate thus created’, the court said in the Bailey case, ‘is, however, essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person’. Ever since English v. English, 1913, 66 Fla. 427, 63 So. 822, Florida has followed this concept of oneness whenever a case called for application of the entirety doctrine. Thus, there is no divisible share as is the case in a joint tenancy. Newman v. Equitable Life Assurance Society, 1935, 119 Fla. 641, 160 So. 745. Neither spouse may convey individually or forfeit any part of the estate so as to defeat the right of survivorship. Rader v. First National Bank, Fla., 1949, 42 So.2d 1. The theory of oneness, each owning an undivided interest in the whole, has been carried so far that it is said, when one spouse dies the other does not take by inheritance but rather there is just one less owner.”
In conclusion, the court held:
“The nature of tenancy by the entirety leads us to the inescapable conclusion that when a bank pays one spouse, it has legally paid the other spouse as well.”
This court then had come before it the case of Glasser v. Columbia Federal Savings & Loan Association of Miami Shores, *281 190 So.2d 799, Fla.App.1966. In a split decision we agreed with and adopted the logic of the Bello case. There was a forceful dissent and this court determined to and did certify the question to the Supreme Court. Glasser v. Columbia Federal, Fla.1967, 197 So.2d 6.
The court stated:
“The decision of the district court in this case has been certified as one which passes upon a question of great public interest as to whether the United States Court of Appeals, Fifth Circuit, in Bello v. Union Trust Co., has correctly enunciated the Florida law controlling this case, which relates to the effect of payment by a banking institution of a check owned by husband and wife in an estate by the en-tireties on endorsement thereof by one spouse for himself and his forged endorsement for the other.”
The court then discussed the provisions and requirements of the Uniform Negotiable Instruments Law which clearly states that a forged instrument is wholly inoperative. F.S.A., § 674.25. Further, that where an instrument is payable to joint payees who are not partners, all payees must endorse unless one payee has authority to endorse for the others. F.S.A. § 674.44. The court concluded:
“Our conclusion on a consideration of Florida law and decisions is that the court in the Bello opinion, supra, did not enunciate the rule which should control the point in dispute under the law of this state. The principles applied in the cases governing estates by entirety do not in our opinion prevent the application or enforcement of the literal provisions of the negotiable instrument statutes, supra, under which the signatures of both spouses are required in the situation presented unless actual authority for the endorsement is shown.”
and further that:
“The decision, we think, is irreconcilable with the equally well established principle that an estate by entirety cannot be alienated by the act of either spouse alone.”
Upon the coming down of the mandate in Glasser this court reviewed the file and found that the plaintiff had made a motion for a summary judgment and was entitled to it on the basis of the Supreme Court opinion. Based upon what the Supreme Court has now said in Glasser the plaintiffs in this case are entitled to a summary judgment for the reasons set forth in the language of this court in Glasser v. Columbia Federal Savings & Loan Association, 198 So.2d 345, where this court stated:
“On that state of the record in the trial court, no genuine issue as to any material fact was presented, and on the law applicable to the case as pronounced by the Supreme Court opinion the plaintiff was entitled to a judgment as a matter of law.
“Therefore, in accordance with the mandate of the Supreme Court the summary judgment entered by the trial court in favor of the defendant is reversed, and for the reasons stated the cause is remanded to the civil court of record for Dade County with direction to enter summary judgment in favor of the plaintiff.”
What we said there applies with equal force here. These cases are therefore reversed and remanded to the Civil Court of Record for Dade County with directions to enter summary judgments in favor of each of the plaintiffs on the issue here determined and to proceed to a disposition of the remaining issues.
Reversed and remanded with directions.