ANDREWS, Judge.
This is an appeal by the defendants, Bertha Snow, individually and as executrix of the estate of Louis Finkel, deceased, joined by her husband, William Snow, in a suit for specific performance of a contract from a decree dismissing the cross claim of the said defendants. The effect of the trial court’s holding was that title to property held in an estate by entirety at the death of one of the parties vested in the survivor even though the parties had entered into a contract providing for the sale of the property and the distribution of the proceeds equally.
Louis and Masha Finkel, an elderly and long married couple, entered into a separation agreement on January 30, 1964, providing for all of- their jointly owned property to be divided equally and providing that their home which was held in an estate by entirety would be sold and the net amount received therefrom divided equally.
The agreement specifically described the property and provided that “they will execute the necessary papers, documents, deeds and transfers so as to divide the properties” as agreed. The agreement also provided that “upon the execution of this agreement each of the parties shall be a tenant in common * * * ” in the described properties and that the agreement was binding upon their heirs and personal representatives.
Both parties released any right or obligation for support, and the wife released her dower rights therein. The agreement further provided that the wife should con *52 tinue to live in the home until required to move as a result of a sale of the house.
Louis Finkel died on February 27, 1964. Bertha Snow, a daughter, as executrix of his estate, executed a contract for the sale of the property to Jack and Minnie Frank on the same day. Masha Finkel joined in said contract as the wife of Louis Finkel, deceased.
The hinder of $2,500 was equally divided between Bertha Snow, as executrix, and Masha Finkel, the surviving spouse. Shortly thereafter Masha Finkel died, and Louise Mathews, another daughter, was appointed executrix of her estate. Louise Mathews then declined to close the sale of the home on the grounds that, inasmuch as the deal had not been closed prior to the demise of Masha Finkel, the title to the property vested in Masha Finkel as a result of her ownership thereof with Louis Finkel, who had predeceased her, as the survivor in an estate by entirety.
The purchasers of the property, the Franks, filed complaint for specific performance naming Bertha Snow and Louise Mathews, as executrices of the respective estates, as defendants. Bertha Snow, as executrix, filed a cross claim for one-half of the proceeds of the remaining unpaid purchase price of the property. In dismissing the cross claim the court, in effect, held that the entire interest in the property vested by operation of law in Masha Finkel upon the demise of Louis Finkel.
Under the common law upon which Florida’s law of estates by entireties is descended, an estate by entirety could only be terminated by deed executed in accordance with the formal requirements for conveyance of land, and husband and wife could not convey property directly to each other. Florida, however, has modified the common law rule in the adoption of F.S.A. § 689.11 by permitting direct conveyances between husband and wife, including property held in estate by entirety. Florida has also adopted F.S.A. § 708.09 authorizing the execution of contracts between a married woman and her husband setting up partnerships and other contracts, including the power to execute deeds to property owned as a tenant by entirety with her husband.
In Dodson v. National Title Ins. Co., 1947, 159 Fla. 371, 31 So.2d 402, it was held that, when a deed to property held by entirety was placed in escrow, a closing statement signed by both parties directing the distribution of one-half of the net proceeds to each of the parties was valid even though one of the parties died before the funds were disbursed.
In the case before us here we have a similar situation, except we have a contract agreeing to sell and specifically describing the subject property, providing for the distribution of the net proceeds upon the sale of the property, executed in conformity with the requirements for the execution of deeds. Although the Dodson case, supra, was considering the distribution of personalty, F. S.A. § 708.09 authorizing contracts between husband and wife is not limited to personal property and specifically mentions estates by entireties and authorizes such contracts as would affect real property.
A careful reading of the separation agreement between the parties discloses that the agreement was clearly intended to be a complete and final distribution of the jointly owned property of the parties including specifically the home place. It was executed in accordance with the provisions providing for the conveyance of title to property, F.S.A. § 708.09. We extend the rule in the Dodson case, supra, one step further and hold that the contract effectively terminated the estate by entirety as between the husband and wife as of the date of its execution; and, accordingly, they became tenants in common and as such were entitled to an equal division of the proceeds of the sale of the property.
Accordingly, the decree is reversed with directions that a decree be entered requiring *53 Bertha Snow, individually and as executrix of the estate of Louis Finkel, deceased, and Louise Mathews to convey the title to the property to Jack and Minnie Frank upon the payment of the full agreed consideration for said property in accordance with the terms of the subject contract and to divide the proceeds equally between the said executrices of the estate of Louis Finkel and the estate of Masha Finkel.
Reversed.
SMITH, C. J., and THOMAS R. WAD-DELL, JR., Associate Judge, concur.