HENDRY, Judge.
This is an appeal by the defendant, Bernice Losey, from a final decree rendered in a suit brought by the issue of her husband’s first marriage to quiet title to several parcels of real estate. Howard Losey and his first wife, Esther Losey, owned certain real property, conveyance having been to them as husband and wife without further clarification. Through various deeds and related partnership agreements, the Loseys conveyed a one-fourth interest in all of the property to each of their three children. When Esther Losey died, Howard Losey served as personal representative of the probate estate, which consisted entirely of Esther’s interest in the property. Esther Losey willed her estate to the children. Subsequently, Howard Losey remarried and granted to his second wife, appellant herein, an interest as tenants by the entirety in the one-fourth of the real estate not deeded to the children. The children then brought suit to quiet title. The lower court rejected defendant’s argument that Howard and Esther Losey had been tenants by the entirety, and that upon the death of the wife the entire interest in the property vested in the survivor, enabling him to then transfer that interest to her.
We agree with the chancellor and affirm. For the purposes of this appeal, it is unnecessary to decide whether Howard *284 and Esther Losey originally acquired the property as a tenancy by the entirety.[1] We are of the opinion that even if such a tenancy by the entirety did exist, that tenancy was terminated and a tenancy in common with the children created by the deeds and partnership agreements.[2] This being so, Esther Losey’s interest in the property passed to the children through her estate, not to her surviving spouse by operation of law. And since Howard Losey could convey to the appellant no better title than he had, it is clear that the appellees were entitled to the decree rendered below.
Affirmed.

. There is substantial authority to the effect that a conveyance to husband and wife, without more, creates in them a tenancy by the entirety, absent an expressed intention to the contrary. See: 161 A.L.R. 457.

. It is settled that a tenancy by the entirety may be terminated by the joint action of both parties. See: In re Lyons Estate, Fla.1955, 90 So.2d 39, 64 A.L.R.2d 1; Dodson v. National Title Ins. Co., 1947, 159 Fla. 371, 31 So.2d 402; Crawford v. United States Fidelity & Guaranty Co., Fla.App.1962, 139 So.2d 500. The conclusion that a tenancy in common with the children was created is further supported by the actions of the parties toward the property subsequent to the execution of the deeds and partnership agreements, as for example in the division of rents and profits.