221 So.2d 417 (1969)
Bernice LOSEY, Petitioner,
v.
Dean LOSEY, Ruth Bowers, Howard Losey, Jr., and Howard Losey, Respondents.
No. 37390.
Supreme Court of Florida.
April 9, 1969.
Rehearing Denied May 2, 1969.
Edward A. Perse, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for petitioner.
Starr W. Horton, Miami, for respondents.
DREW, Justice.
The petition for certiorari in this case is directed to a decision of the District Court of Appeal, Third District, 207 So.2d 283, *418 which affirmed a decree quieting title to real property and holding a deed to be void.
The petitioner Bernice Losey is the second wife of Howard Losey, Sr. They were defendants in this suit instituted by the three grown children of his first marriage to Esther who died in 1964, leaving a will devising her property to her children. Howard and Esther had acquired title to three parcels of land "as husband and wife" and in 1950 and 1951 conveyed a 1/4 interest to each of their three offspring, with whom they also executed partnership agreements acknowledging that all parties had an "equal" interest in the properties and in partnership assets and proceeds. In 1966, Howard married the petitioner Bernice and executed a deed which on its face created an estate by entirety in Howard and Bernice covering a 1/4 interest in the three parcels, and a 1/8 interest in a fourth parcel not directly involved in this litigation.
The trial court held that the deeds to Howard and Esther as husband and wife did not create an estate by entirety because of "circumstances and admissions" in evidence portraying a contrary intent. The decision of the appellate court, however, was that their estate by entirety (assuming its existence) "was terminated and a tenancy in common with the children created by the deeds and partnership agreements."
The facts stated in the opinion and reflected by the record show deeds by Howard and Esther conveying a 3/4 interest to their children without reference to the 1/4 interest retained by them, together with partnership agreements between them and their children acknowledging all parties had an "equal" interest in the properties and proceeds. These agreements are clearly consistent with the continued existence of an estate by entirety in the parents' 1/4 interest in the property. The writ of certiorari has been issued on the ground of conflict created by the decision that these agreements converted the estate to one of tenancy in common, on the basis of earlier opinions, acknowledged as controlling precedent, establishing the principle that a husband and wife's estate by entirety in real property "can be terminated only when both convey" or by death or divorce.[1]
We conclude that the decision on this point in the present case must be quashed. The finding of the trial court was that the original deeds to Howard and Esther as husband and wife created a tenancy in common and not by entirety, predicated in part on testimony of the surviving husband who now seeks to void in part his conveyance to himself and petitioner, his second wife. That judgment should in our opinion be reversed under the long standing doctrine of the cases holding "Where property is acquired specifically in the name of both husband and wife, they become seized of the estate thus granted per tout et non per my, and not as * * * tenants in common. * * * There can be on severance of the estate by the act of either * * *."[2] This reasoning seems particularly appropriate in the case of an attempt, subsequent to the death of one spouse, to define the estate vested by such a deed. The cases, in any event, do not support the contention that the creation of an estate by entirety by such a conveyance rests on a rebuttable presumption. The textbook statement of the common law doctrine quoted in our cases is that the doctrine rests "upon a rule of construction based on the presumption of intention,"[3] rather than on any peculiarity of marital incapacity. We find no authority for variance of the ordinary rule governing the effect of such a deed in the present case.
*419 Further issues raised on appeal below related to impropriety of the judgment of the trial court declaring the above-described 1966 deed to be void:
"Whether as a matter of law on this record Howard Losey and Esther M. Losey at all times pertinent hereto held the subject property as tenants by the entireties thereby vesting in Howard Losey an undivided one-fourth (1/4th) interest therein upon the death of Esther M. Losey, which interest was validly conveyed to himself and Bernice Losey, as tenants by the entireties." (e.s.)
"Whether or not the trial court erred in making any disposition with regard to parcel 4 when no relief with regard to this parcel was requested by plaintiffs in their complaint."
Decisions relied on by respondent and apparently by the Trial Court and the District Court to sustain the invalidation of the deed relate to alleged insufficiency of consideration. On the record in this case the point, in our opinion, is governed by the rule that "conclusive evidence is necessary to overcome the presumption of a gift to the wife upon a transfer to an estate by the entirety."[4]
Insofar as the deed covers the respondent husband's 1/8 interest in all the lands, which could not have passed under the will of the decedent wife, even on the plaintiffs' theory of tenancy in common, neither the pleadings nor briefs present any theory whatever on which plaintiffs might be accorded relief. It is an elementary principle that a conveyance of a greater interest than that owned by the grantor is a good conveyance of the lesser interest.[5]
The decision is accordingly quashed and the cause remanded with directions for disposition consistent with this opinion.
ROBERTS, THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.
ERVIN, C.J., dissents with Opinion.
ERVIN, Chief Justice (dissenting).
I dissent to that portion of the majority opinion which concludes that under the facts here presented there was no termination of Howard and Esther's estate by the entireties.
It seems clear that the District Court was eminently correct in its announcement of the general proposition that "a tenancy by the entirety may be terminated by the joint action of both parties." Losey v. Losey, Fla.App., 207 So.2d 283, 284, n. 2. Support for this view is found in 41 Am.Jur.2d, Husband and Wife, § 71, which states:
"There can be no severance of an estate by the entireties by the act of either spouse alone, and hence, neither can convey or dispose of any part of it so as to effect such a severance, though they may terminate the estate by a joint conveyance of the property * * *.
* * * * * *

"In any event, a husband and wife can, by agreement and mutual consent, change the character and attributes of an estate by the entireties." (Emphasis added.)
See also, Stanley v. Mueller (1960), 222 Or. 194, 350 P.2d 880, 888, where the Supreme Court of Oregon stated:
"[7] However, an estate by the entirety may be severed, i.e., converted *420 into a tenancy in common, by an agreement between the husband and wife that each shall thereafter hold an undivided share in the land. The parties may, of course, go further and create severable interests by partition.
"[8] Inasmuch as the conversion of the estate from that of one by the entirety into a tenancy in common involves the rearrangement of title between the owners of the entirety estate, the statute of frauds would require either a writing or acts sufficient to take the case out of the statute."
Authorities in our own jurisdiction clearly evidence adherence to the general proposition that a husband and wife can by agreement terminate a tenancy by the entirety. In Dodson v. National Title Ins. Co. (1947), 159 Fla. 371, 31 So.2d 402, this Court had occasion to treat the effect of a closing statement executed by husband and wife directing the equal distribution of net proceeds from the sale of real estate, the deed to which was placed in escrow. There, this Court commented:
"If the land was owned by the entirety, that estate was terminated before the husband's death as to the funds arising from the sale by the express agreement of both parties in the closing statement.
"[1] The income from, or the proceeds of, the sale of real estate held by the entirety is equally the property of the husband and the wife. It is held by the unity. Either one taking possession holds for the benefit of both. That is the rationale of our prior decisions.
* * * * * *
"[2] But such funds are the proper subject of contract between husband and wife, section 708.09, F.S.A., and they may provide by contract for termination of the estate by the entirety resulting in equal division of the personal property. That is the effect of the settlement agreement.
"Or they may likewise divide the proceeds or profits received from the property while the property itself may be retained as an estate by the entirety." (At 404.)
Although the holding of the Dodson case was concerned only with personalty, i.e., proceeds from the sale of real estate, the rationale of this case was carried to its logical extension in Snow v. Mathews (Fla. App. 1966), 190 So.2d 50. In this case, the District Court of Appeal, Fourth District, applied the Dodson holding in adjudicating whether a separation agreement was effective to terminate an estate by the entirety in real estate. There, the Court reasoned:
"In the case before us here we have a similar situation, except we have a contract agreeing to sell and specifically describing the subject property, providing for the distribution of the net proceeds upon the sale of the property, executed in conformity with the requirements for the execution of deeds. Although the Dodson case, supra, was considering the distribution of personalty, F.S.A. § 708.09 authorizing contracts between husband and wife is not limited to personal property and specifically mentions estates by entireties and authorizes such contracts as would affect real property.
"[3] A careful reading of the separation agreement between the parties discloses that the agreement was clearly intended to be a complete and final distribution of the jointly owned property of the parties including specifically the home place. It was executed in accordance with the provisions providing for the conveyance of title to property, F.S.A. § 708.09. We extend the rule in the Dodson case, supra, one step further and hold that the contract effectively terminated the estate by entirety as between the husband and wife as of the date of its execution; and, accordingly, they became tenants in common and as such were entitled to an equal division of the proceeds of the sale of the property." (At 52.)
*421 The foregoing authorities clearly indicate that prior to today's majority opinion this jurisdiction was committed to the proposition that a husband and wife may by a properly executed agreement terminate a tenancy by the entirety in real estate. No authority cited by Petitioner nor relied on by the majority opinion herein, including In re Lyon's Estate (Fla. 1955), 90 So.2d 39, 64 A.L.R.2d 1, can reasonably be construed as abrogating or dispelling the commitment to this principle in our jurisdiction.
Viewed in this light, the critical question for resolution in the case sub judice is whether the various partnership agreements executed by Howard and Esther along with their three children sufficed to terminate Howard and Esther's estate by the entireties in the disputed parcels of real property. In resolving this question it may be assumed, as was done by the District Court, that tenancies by the entirety were initially vested in Howard and Esther.
In the present case, four parcels of real estate are involved and the following facts are essential to an understanding of the final result ensuing from the various transactions involved.
Parcel 4 was first acquired by Howard Losey in his name alone. In 1945 a deed was executed conveying an undivided one-half interest in this parcel to his wife, Esther. In January of 1946 a written agreement was entered into by Howard and Esther and their three children, Respondents herein, by which these parties confirmed the existence of a partnership between them and provided specifically that the title to parcel 4, "although vested in Howard Losey and Esther M. Losey at this time, shall, nevertheless, be and constitute the property of all parties to this agreement in equal undivided shares. * * *" (Emphasis added.)
Parcels 1 and 2 were originally acquired by Respondent Ruth Losey, daughter of Howard and Esther, and were conveyed by her deed dated September 24, 1945 to Howard and his wife, Esther. On May 1, 1947, Howard and Esther acquired title to parcel 3.
On January 1, 1948 the parties aforesaid entered into a second agreement creating a partnership known as Farm Properties in connection with the property designated as parcels 1 and 2. This agreement specifically provided that the title to the designated property, "although vested in Howard Losey and Esther M. Losey at this time, shall nevertheless, be and constitute the property of all parties to this agreement in equal undivided shares. * * *" (Emphasis added.)
Subsequently by various deeds, the last of which was executed on April 3, 1950, Howard and Esther conveyed to each of their three children undivided one-fifth interests in all of the four parcels of property. Thereafter on January 1, 1951, Howard and Esther and the children entered into their third agreement whereby they dissolved the previously existing partnerships and created a new partnership known as Midway Properties. This agreement recited that title to the described properties (all four parcels) "does constitute the property of all parties to this Agreement in equal undivided shares." (Emphasis added.) After this last partnership was created as described, Howard and Esther executed another deed dated December 31, 1951, whereby they conveyed to each of the children an undivided one-twentieth interest in the four parcels of land. Thereafter, the five parties, as a partnership, complied with the fictitious name statute on October 31, 1957, and jointly executed an affidavit which was recorded, reflecting the interest of Howard Losey as one-eighth, that of Esther Losey as one-eighth, and of the three children as one-fourth each.
In seems abundantly clear from the foregoing history of events leading up to the present controversy that Howard and Esther did by execution of the various partnership agreements agree to hold title to the parcels of property in question as tenants *422 in common and not as tenants by the entirety. The repeated recitations in each of these agreements to the effect that title was held by each of the five parties in equal undivided shares is totally inconsistent with the view of the majority opinion that Howard and Esther retained their interests in the property as tenants by the entirety.
The conclusion that Howard and Esther did effectively terminate their estate by the entirety in favor of a tenancy in common among each of the parties to the partnership agreements is buttressed by the fact that after the conveyance of the one-twentieth interest to the children, the parties did not thereafter acknowledge the interests of the parties as being equal but, rather, designated such interests as one-fourth interest in each of the children and a one-eighth interest each in Howard and Esther. Therefore it results Howard and Esther completely abrogated by the foregoing transactions (all of which satisfied the statute of frauds) any vestige of their former estate by the entireties by allocating among themselves and their children specific fractional interests in the four parcels.
By a detailed analysis of the transactions underlying the present controversy, it becomes manifestly clear that the principle that a husband and wife, by a validly executed agreement, can change the character and attributes of an estate by the entirety into tenancies in common was properly applied to this case. By tracing the transactions indicating the division of the fractional interests of the parcels among each of the members of the Howard and Esther family, it becomes quite apparent the original estate by the entireties was totally abrogated.
Accordingly, I would affirm that part of the District Court's decision holding that Esther Losey's interest in the property passed to the children through her estate.
NOTES
[1] In re Lyons' Estate, Fla., 90 So.2d 39, 64 A.L.R.2d 1.
[2] Bailey v. Smith, 89 Fla. 303, 103 So. 833, 834; English v. English, 66 Fla. 427, 63 So. 822.
[3] Ibid.
[4] Holton v. Holton, Fla.App. 1966, 189 So.2d 214, citing Lauderdale v. Lauderdale, Fla.App. 1957, 96 So.2d 663; McFarland v. McFarland, Fla.App. 1961, 131 So.2d 749.
[5] "A deed will convey such estate as the grantor has even though it purports to convey a larger estate." 10 Fla.Jur. p. 157, § 152, and authorities there cited.