WARNER, J.
In domesticating a foreign judgment against the husband, the trial court entered summary judgment denying the judgment creditor any lien on real property held by the husband and wife as an estate by the entireties. The judgment creditor appeals, claiming that it was entitled to present evidence rebutting the presumption that the property was held in the entireties. We disagree, holding that the rebuttable presumption created by the supreme court in Beal Bank, SSB v. Almand and Assocs., 780 So.2d 45, 58-59 (Fla. 2001), applies to personal property, not real property. Because the conveyance to the spouses did not contain any language expressly showing a contrary intent, a tenancy by the entireties was created. We affirm.
Appellees, Daniel and Milea Callaghan, purchased property in Palm Beach County in 2004, taking title as husband and wife. In 2008, Daniel executed a quit-claim deed purporting to transfer his interest in the property to Milea, as Trustee of the Milea Callaghan Revocable Trust. However, Mi-lea was the only witness on the deed, which was prepared by Daniel’s Illinois *1155 attorney. Thus, it was not sufficient to pass title. See § 689.01, Fla. Stat. (2008). Deposition testimony from Daniel suggests that he intended the conveyance for estate tax planning. Milea testified that the signature on the deed was not hers, and that she had no knowledge of the conveyance.
In 2010, appellant Bridgeview recovered a judgment against Daniel. It sought to domesticate the foreign judgment in Florida and at the same time sought to avoid the transfer of Daniel’s interest in the Florida property to Milea’s trust pursuant to the Fraudulent Transfer Act. The Calla-ghans answered and raised multiple defenses. On summary judgment, the trial court domesticated the out-of-state judgment but denied relief to Bridgeview on its attempt to avoid the transfer. The court found that the property had been originally conveyed to Daniel and Milea, as husband and wife, thus creating a tenancy by the entireties in the property. The subsequently executed quit-claim deed was invalid, and the property remained a tenancy by the entireties. Because the property was held by both husband and wife, the court held, Bridgeview had no right to execute on it for debts only of Daniel. Bridgeview appeals the summary judgment.
On appeal, Bridgeview claims that the conveyance to Daniel and Milea as husband and wife created only a presumption that the property was held as a tenancy by the entireties which could be rebutted. It relies on Beal for this proposition. It then argues that Daniel’s ineffective attempt to quit-claim his interest in the property to his wife somehow shows that he didn’t intend the property to be held as a tenancy by the entireties when purchased. We disagree that the Beal rebut-table presumption language applies to real property.
When real property is conveyed to a wife and husband, that conveyance creates an estate by the entireties. See English v. English, 66 Fla. 427, 63 So. 822 (1913).
The cases ... do not support the contention that the creation of an estate by entirety by such a conveyance rests on a rebuttable presumption. The textbook statement of the common law doctrine quoted in our cases is that the doctrine rests ‘upon a rule of construction based on the presumption of intention,’ rather than on any peculiarity of marital incapacity.
Losey v. Losey, 221 So.2d 417, 418 (Fla. 1969) (emphasis supplied, footnote omitted).
Beal recognized the rule with respect to real property, stating “[wjhere real property is acquired specifically in the name of a husband and wife, it is considered to be a ‘rule of construction that a tenancy by the entireties is created, although fraud may be proven.’ ” 780 So.2d at 54 (quoting First Nat. Bank of Leesburg v. Hector Supply Co., 254 So.2d 777, 780 (Fla.1971)). Beal also cited with approval to In re Suggs’ Estate, 405 So.2d 1360, 1361 (Fla. 5th DCA 1981), that “ ‘[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.’ ” 780 So.2d at 54 (emphasis supplied).
Based upon the foregoing, the conveyance to Daniel and Milea created a tenancy by the entireties, and no express language in the deed showed a contrary intent. Therefore an estate by the entireties is presumed. That presumption is not rebut-table, according to Losey, although it could be set aside if fraud were proven. Bridge-view did not even attempt to prove fraud in this case with respect to the creation of the tenancy by the entirety in 2004.
*1156 Beal does not change this result. First and foremost, Beal did not overrule Losey, and the supreme court does not intentionally overrule itself sub silentio. Puryear v. State, 810 So.2d 901, 905 (Fla.2002). Second, Beal involved personal property in the form of bank accounts. The court receded from its prior law that created no presumption of a tenancy by the entireties when a husband and wife opened a joint bank account. The court held that unless the signature card on the account expressed a contrary intent, an account opened by a husband and wife creates a presumption that the account is held by the entireties, assuming that the other unities of time, title, and possession are present. Beal, 780 So.2d at 59. “The presumption we adopt is a presumption affecting the burden of proof pursuant to section 90.304, Florida Statutes (2000), thus shifting the burden to the creditor to prove by a preponderance of evidence that a tenancy by the entireties was not created.” Id. at 58-59 (footnote omitted). Thus, the court established a rebuttable presumption for bank accounts, involving the burden of proof, not the rule of construction established in Losey for real property.
Applying a rule of construction for real property instead of a burden-shifting presumption can be explained by the real property transaction itself. The use of a rebuttable presumption applied to the title to real property would cause significant problems with titles, which are recorded and serve as notice to the world of the ownership of property. Which title insurer could feel secure in insuring property having a conveyance to a husband and wife in the chain of title, if that title could be rebutted by evidence extrinsic to the deed itself? The integrity of the title to real property could be called into question when titles could be overturned in litigation by rebuttable presumptions.
Even if we were to apply a rebutta-ble presumption, we would still conclude that there is no issue of material fact. Bridgeview tries to use the ineffective quit-claim deed of 2008 to infer that Daniel did not intend to create a tenancy by the entireties in 2004 when they obtained title, because Daniel executed the deed without Milea joining in the execution. However, and contrary to the finding by the trial court, one spouse may convey to the other spouse without joinder by the other spouse. See § 689.11, Fla. Stat.; Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941). Therefore, the inference cannot be made that by execution of the quit-claim deed Daniel evinced an intent or belief that the property was not held as a tenancy by the entireties. Moreover, if they had agreed to terminate the entireties estate, the agreement was not to instill ownership in Daniel but to transfer the entire interest to Milea, who was not a judgment debtor of Bridgeview.
Because the property was conveyed to Daniel and Milea in 2004, a tenancy by the entireties was created. A judgment creditor has no right to property held by the debtor in an estate by the entireties. Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376 (1920). The trial court correctly granted summary judgment.

Affirmed.

STEVENSON and CONNER, JJ., concur.