DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD MERLI,**
Appellant,

v.

**DONNA MERLI,**
Appellee.

No. 4D21-1888

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. PRC19-5226.

Jerome R. Schechter of Jerome R. Schechter, P.A., Fort Lauderdale, and Danielle Greenberg of Danielle Greenberg, PA, Fort Lauderdale, for appellant.

Sean Gregory Perkins and Zachary A. Hudson of Morgan & Morgan, P.A., West Palm Beach, for appellee.

HARPER, BRADLEY, Associate Judge.

Appellant Richard Merli (the decedent's brother) appeals from the probate court's order granting final summary judgment in favor of Appellee Donna Merli (the decedent's wife), which recognized the wife's intestate spousal rights and appointed the wife as personal representative of the decedent's estate. Appellant argues the probate court erred in three respects: (1) by finding the decedent's and the wife's partial marital settlement agreement was not a complete property settlement pursuant to section 732.702, Florida Statutes (2019); (2) alternatively, by failing to deem language in the partial marital settlement agreement to be equivalent to a waiver of spousal rights; and (3) by finding the decedent's divorce attorney's affidavit to be invalid because it was improperly notarized.

We conclude that all of the brother's arguments lack merit. After providing a brief procedural history, we will address each argument in turn.

## Procedural History

The decedent died intestate while his dissolution of marriage proceeding with the wife was pending. Before his death, the decedent entered into a partial marital settlement agreement with the wife. The partial marital settlement agreement divided certain marital assets and liabilities, but specifically excluded alimony and a portion of the decedent's pension benefits. Also, the partial marital settlement agreement provided for the sale of the marital home, but did not contain an agreement to change the spouses' ownership interest in the marital home.

The family court entered an order adopting the partial marital settlement agreement. However, at the time of the husband's death, the family court had not entered a final judgment of dissolution of marriage.

The brother petitioned the probate court to serve as personal representative of the decedent's estate. The brother contended he had standing as the decedent's brother and heir-at-law, and requested the probate court to enforce the partial marital settlement agreement as binding and find that the marital home was owned as a tenancy in common between the decedent and the wife.

The wife counter-petitioned to serve as personal representative on the basis that she was the decedent's surviving spouse and sole beneficiary of the decedent's estate. The wife later moved for final summary judgment on her counter-petition, arguing, in part, that the couple's marriage had never been dissolved and that the family court had dismissed the dissolution proceeding upon the decedent's death.

After a hearing, the probate court entered an order granting the wife's summary judgment motion and appointing the wife as personal representative of the decedent's estate. The probate court found the partial marital settlement agreement did not contain any language which could constitute a waiver of spousal rights pursuant to section 732.702(1), Florida Statutes (2019). The brother timely filed a notice of appeal.

## Analysis

Our standard of review is de novo. *See Chipman v. Chipman*, 975 So. 2d 603, 607 (Fla. 4th DCA 2008) (a postnuptial agreement, like any other contract, is subject to de novo review).

We conclude the probate court properly found the partial marital settlement agreement did not contain any language which could constitute

2

a waiver of spousal rights pursuant to section 732.702(1), Florida Statutes (2019).

Section 732.702 requires a spouse's explicit waiver of intestate rights:

> (1) The rights of a surviving spouse to an elective share, intestate share, pretermitted share, homestead, exempt property, family allowance, and preference in appointment as personal representative of an intestate estate or any of those rights, may be waived, wholly or partly, before or after marriage, by a written contract, agreement, or waiver, signed by the waiving party in the presence of two subscribing witnesses. The requirement of witnesses shall be applicable only to contracts, agreements, or waivers signed by Florida residents after the effective date of this law.... Unless the waiver provides to the contrary, a waiver of "all rights," or equivalent language, in the property or estate of a present or prospective spouse, or a complete property settlement entered into after, or in anticipation of, separation, dissolution of marriage, or divorce, is a waiver of all rights to elective share, intestate share, pretermitted share, homestead, exempt property, family allowance, and preference in appointment as personal representative of an intestate estate, by the waiving party in the property of the other and a renunciation by the waiving party of all benefits that would otherwise pass to the waiving party from the other by intestate succession or by the provisions of any will executed before the written contract, agreement, or waiver.

> (2) Each spouse shall make a fair disclosure to the other of that spouse's estate if the agreement, contract, or waiver is executed after marriage....

> (3) No consideration other than the execution of the agreement, contract, or waiver shall be necessary to its validity, whether executed before or after marriage.

§ 732.702(1-3), Fla. Stat. (2019).

Pursuant to the plain language of section 732.702 and the partial marital settlement agreement, neither the decedent nor the wife explicitly waived their right to an elective share, intestate share, pretermitted share, homestead, exempt property, family allowance, or preference as personal representative.

The brother relies on the phrase "complete property settlement" in section 732.702(1), and on *Snow v. Mathews*, 190 So. 2d 50 (Fla. 4th DCA 1966), to conclude the couple's alleged "complete settlement" was evidence of spousal waiver.

The brother's reliance on *Snow* is misplaced for three reasons. First, the subject marital settlement is not a complete settlement as it did not clearly, specifically and explicitly settle all matters of dispute between the parties. Second, *Snow* did not address a surviving spouse's waiver of intestate rights pursuant to section 732.702(1). Third, in *Snow*, the married couple's separation agreement – which included all of their jointly owned property and the marital home – was detailed, specific, and explicitly provided, "'[U]pon the execution of this agreement each of the parties shall be tenants in common' … in the described properties, and the agreement shall be binding upon their heirs and personal representatives." *Id.* at 51.

Here, the dissolution proceeding remained pending at the time of the decedent's death. Thus, when the decedent died, the family court properly dismissed the dissolution proceeding without entering a final judgment. *See Marlowe v. Brown*, 944 So. 2d 1036, 1039-40 (Fla. 4th DCA 2006) ("The dissolution of marriage action terminated with the death of the husband and the dissolution judge should have dismissed the case upon the wife's motion.") (citations omitted).

As a result, the decedent's death left the wife in "[t]he legal position of one whose marriage was terminated by death, and not by a final judgment." *Marlowe*, 944 So. 2d at 1040. The partial settlement agreement's terms do not amount to a binding final decree. Moreover, nothing in the subject partial settlement agreement evinces an intent by either party to waive their intestate rights.

Lastly, we find no need to reach the brother's argument that the decedent's attorney's affidavit was improperly stricken, because the partial settlement agreement's unambiguous language does not waive intestate spousal rights. *See Prime Homes, Inc. v. Pine Lake, LLC*, 84 So. 3d 1147, 1152 (Fla. 4th DCA 2012) ("Parol evidence is inadmissible to contradict, vary, or modify terms which are unambiguously contained within a written agreement.").

Accordingly, we affirm the probate court's order granting final summary judgment which recognized the wife's intestate spousal rights and appointed the wife as personal representative of the decedent's estate.

*Affirmed.*

CIKLIN and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**