The Lewis State Bank v. Ira B. Raker, as Administrator of the Estate of James E. Jackson, deceased, Ira B. Baker, for the use and benefit of Gertrude N. Jackson, a widow.

171 So. 319.

Division A.

Opinion Filed December 11, 1936.

*W. J. Oven, W. J. Oven, Jr.,* and *James Messer, Jr.,* for Appellant;

*Madeline A. Jacobsen* and *Waller & Pepper,* for Appellees.

Per Curiam.—This appeal was taken from an order denying the motion of the defendant, appellant here, to dismiss appellee's bill of complaint.

As the bill was not without equity, no error was committed in denying the motion to dismiss. The order appealed from is accordingly affirmed.

Affirmed.

Whitfield, C. J., and Brown and Davis, J. J., concur.

Ellis, P. J., and Terrell and Buford, J. J., concur in the opinion and judgment.

Davis, J. (concurring).—In this case a bank paid the proceeds of an administrator's check drawn in favor of an heir at law, to the County Judge who had control and jurisdiction of the administration, but who unauthorizedly had

endorsed and cashed the check, and appropriated its proceeds to his own use, without the knowledge of the administrator drawer of the check or the payee heir to whom the administrator had drawn it but left it with the County Judge to be turned over to the payee.

Since the County Judge has entered an order discharging the administrator, and the bank has rendered itself liable to restore the credit to the drawer's account for the benefit of the heir, who is entitled to have its proceeds paid over to him, a court of equity alone can deal with the situation in such manner as to give appropriate relief and properly wind up the administration as an incident to it.

ELLIS, P. J., (concurring).—The bill of complaint in this case rests upon an alleged fraud perpetrated by the County Judge in whose court the estate of Jackson was being administered and which fraud was participated in or made possible by the bank to which it is alleged in the bill that the County Judge was indebted and which benefited by the fraud committed to the extent of taking part if not all of a check drawn by order of the County Judge in favor of the distributee of the estate but which was indorsed by the County Judge in whose hands it was placed for delivery to the distributee and which indorsement in the name of the distributee by the County Judge was without authority of law and the proceeds of such check on such unauthorized and fraudulent indorsement were taken and accepted by the bank in part or full payment of the County Judge's indebtedness to it.

Based upon that alleged fraud perpetrated by the County Judge and the bank the administrator seeks the cancellation of an order made by the County Judge discharging the administrator as such following the commission of the alleged fraud in which bill the beneficiary or distributee, the

widow of Mr. Jackson, the deceased, is joined as party complainant on the theory that the joint fraud of the County Judge and the bank resulted in the fraudulent conversion to their use of the funds in the bank to which she was in law entitled and to which she is entitled to restitution by the bank.

The motion to dismiss the bill was without merit, and was properly· overruled as the bill makes a clear case for equitable relief.