163 So.2d 333 (1964)
BANK OF MIAMI BEACH, Appellant,
v.
Nathan NEWMAN, Appellee.
No. 63-504.
District Court of Appeal of Florida. Third District.
April 7, 1964.
Frank, Weston & Strelkow, Miami Beach, for appellant.
Nathan Newman, Jacksonville, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Defendant appeals a summary final judgment entered against it by one of the judges of the Civil Court of Record for Dade County, Florida.
The appellee is a depositor in the appellant-bank. Appellee drew a check on the appellant-bank, payable to "Samuel Ross and Frances Ross". Samuel Ross took that check, signed his wife's (Frances') name to the check, and had appellant cash it. Appellee instituted the instant action against the bank for paying the check based on a forged indorsement of the wife, one of the joint payees. The trial court granted appellee summary judgment against the bank for the face amount of the check.
Appellant, inter alia, claims error on the part of the trial court, in that, it denied appellant's motion to dismiss the amended complaint for failure to state a cause of action. We agree.
Appellee instituted this action against the bank, but nowhere does the amended complaint allege any loss sustained. There is no statement to the effect that the debt, for which the check was given, was not collected.
It is fundamental that a person is not entitled to recover damages if he has suffered no injury.[1] Appellee's amended complaint does not in any way allege an unsuccessful attempt to collect the debt. Insofar as the record shows, appellee could have already discounted the note, and be recovering twice. The appellee's failure to allege that he has been damaged by the bank's act renders the amended complaint subject to dismissal.[2]
In view of the above we do not reach nor decide the other questions raised in the briefs.
Accordingly, the judgment appealed is reversed and remanded to the trial court for the entry of an order dismissing the *334 amended complaint, without prejudice, for failure to state a cause of action.
Reversed and remanded.
TILLMAN PEARSON, Judge (dissenting).
In this case the defendant-bank made payment on a check with a forged indorsement and charged the drawer's account. The plaintiff-drawer's complaint sufficiently pleaded facts necessary to comply with the rule set forth below in showing a breach of the deposit contract by the defendant. It was not necessary that the drawer specifically include in the complaint that she was damaged by the drawee-bank's action.
A checking account created by a general deposit of funds with a bank raises by implication a contract whereby the bank, upon proper demand, will pay the funds in the deposit to such persons as the depositor directs. See McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806. It is the duty of the drawee bank to pay a check only to the person to whom the depositor directs payments to be made. Miami Beach First National Bank v. Edgerly, Fla. 1960, 121 So.2d 417, 82 A.L.R.2d 927.
The primary responsibility is upon the bank to detect a forgery of a payee's signature. A bank paying a check upon the unauthorized indorsement of the payee becomes liable to the depositor. Edgerly v. Schuyler, Fla.App. 1959, 113 So.2d 737. The drawee bank may not charge the drawer's account with the amount of a check paid on a forged indorsement unless the drawer was guilty of some negligence or conduct creating an estoppel as a consequence of which the improper payment resulted. Lewis State Bank v. Raker, 138 Fla. 227, 189 So. 227. See also: 4 Fla.Jur., Banks and Trust Companies, § 71 (1955); 10 Am.Jur.2d Banks, § 623 (1963).
Generally, in an action based on contract, all that the complaint is required to state is the making of the contract, the obligation thereby assumed, and the breach. The complaint is complete when these statements are supplemented with a statement of the amount claimed in a prayer for relief. Cerniglia v. Davison Chemical Co., Fla. App. 1962, 145 So.2d 254; 25 Fla.Jur., Pleadings, § 55 (1959).
I would affirm.
NOTES
[1] 9 Fla.Jur., Damages § 5; 15 Am.Jur., Damages § 3.
[2] Salomon v. The Pioneer Co-Operative Company, 21 Fla. 374 (1885); Denver Elec. & Neon Serv. Corp. v. Gerald H. Phipps, Inc., 143 Colo. 530, 354 P.2d 618 (1960); 10 Am.Jur.2d, Banks § 555.