PER CURIAM.
By an opinion and judgment filed March 29, 1967 (Glasser v. Columbia Federal Savings and Loan Association of Miami Shores, Fla. 1967, 197 So.2d 6), the Supreme Court granted certiorari and quashed the judgment of this court which had affirmed a summary judgment entered by thp trial court in favor of the defendant Savings and Loan Association., The cause was remanded to this court for further proceedings in accordance with the Supreme Court’s opinion.
Pursuant to the mandate of the Supremo Court now filed herein, the opinion and judgment of this court filed October 18, 1966, and reported in 190 So.2d 799, is vacated.
However, on our initial consideration of the appeal we did not render a decision on the separate contention of the appellant, the plaintiff below, that the trial court had committed error in denying her motion for summary judgment. We now proceed to *346 consider that contention of the appellant, in the light of the law applicable to this case as pronounced in the opinion of the Supreme Court.
The plaintiff sought recovery from the defendant Savings and Loan Association upon alleging that two drafts drawn upon the Treasurer of the United States, in the aggregate amount of $5,294.28, payable to her and her then husband Seymour Glasser, representing refunds on their joint income taxes, were forged by her husband and deposited by him in his separate account in the defendant Savings and Loan Association, and that “defendant transmitted the drafts to the Treasurer of the United States, received the proceeds and applied them to its own use.” Claiming to be entitled to one half of the proceeds of the drafts, the plaintiff sought damages in the amount of $2,647.17 plus interest.
The plaintiff moved the trial court for a summary judgment, supported by her affidavit in which she repeated the material allegations of the complaint and stated “that she never endorsed said drafts or signed her name to the drafts or authorized anyone to either endorse or sign her name on her behalf to the drafts.”
Copies of the drafts showing the endorsements thereon were placed in the record by the defendant, but aside from the pleadings there was no denial of the statement by the plaintiff in her affidavit that the endorsements were forged, and were not made or authorized by her. The defendant produced a copy of a statement of deposits and withdrawals in the account of the plaintiff’s husband covering the period in question, which disclosed a deposit by him in the amount of the two drafts. The defendant also filed an affidavit of the plaintiff’s husband Seymour Glasser,. in which he revealed that he was married to the plaintiff at the time the deposits were made, admitted receiving the drafts and that they were payable to the order of him and the plaintiff, and that they represented tax refund on businesses which were owned by him and the plaintiff. The affidavit, which admitted deposit of the drafts, made no reference to the endorsements, and contained no denial of the facts asserted by the plaintiff that she was entitled to one half of the proceeds thereof, and that she had not endorsed them or authorized her name to be so endorsed.
On that state of the record in the trial court, no genuine issue as to any material fact was presented, and on the law applicable to the case as pronounced by the Supreme Court opinion the plaintiff was entitled to a judgment as a matter of law.
Therefore, in accordance with the mandate of the Supreme Court the summary judgment entered by the trial court in favor of the defendant is reversed, and for the reasons stated the cause is remanded to the civil court of record for Dade County with direction to enter summary judgment in favor of the plaintiff.
Reversed and remanded with direction.