363 So.2d 160 (1978)
O.K. MOVING & STORAGE CO., INC., Appellant,
v.
EGLIN NATIONAL BANK, Appellee.
No. JJ-375.
District Court of Appeal of Florida, First District.
October 5, 1978.
*161 C. Roger Vinson of Beggs & Lane, Thomas N. Tucker of Tucker & Worley, Pensacola, for appellant.
C. LeDon Anchors of Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellee.
MELVIN, Judge.
Appellant-plaintiff brings for review the summary final judgment entered in its suit against Eglin National Bank in which the trial court held that the bank was liable for only a portion of the funds represented by checks that had been improperly deposited by an employee of the appellant to her own account, when each check so deposited to her account was the subject of a restrictive endorsement, that is to say, on the back of each check was stamped "For Deposit Only, O.K. Moving & Storage Company, Inc., 80 Carson Drive, N.E., Fort Walton Beach, Florida 32548."
The final judgment contains the following findings of fact:
"(1) Beginning with the check in the amount of $293.05 deposited on November 26, 1973, and continuing through December 17, 1974 with the check deposited in the amount of $292.58, the defendant Eglin National Bank accepted checks made payable to O.K. Moving & Storage Company, Inc., and bearing a restrictive endorsement as follows:
 `For Deposit Only
 O.K. Moving & Storage Company, Inc.,
 80 Carson Drive, N.E.
 Fort Walton Beach, Florida 32548'
and deposited the checks so endorsed into the individual account of Raye Walker. The total amount of the checks so accepted by the defendant Eglin National Bank was $19,356.01. As previously found by the Court, the defendant bank was negligent in so accepting and depositing the said checks, proximately causing the plaintiff's loss of the aggregate amount thereof.
"(2) There is no evidence that the plaintiff had any contact of any nature with the defendant bank that would have induced the bank to accept and so deposit the checks.
"(3) The defendant was placed on notice of the transactions involved in this case on or before September 1, 1975.
"(4) The plaintiff was negligent for not discovering the diversion of funds for such a length of time."
The amount of the funds diverted by unauthorized deposits referred to approximated 15% to 20% of the total receipts of the payee at its Fort Walton Beach branch office. An official of the payee company testified that receipts in the Pensacola and Fort Walton Beach office for 1973-74 were lower than previous years, and he attributed this to "the recession and the little slowdown in the moving". Further, it appears that the business consisted almost entirely of Government moving contracts for Eglin Air Force personnel. Payments from the Government were seldom received in less than three months and sometimes longer. The secretary of the Fort Walton Beach branch was instructed to deposit all receipts in the corporate account in a Pensacola bank. The company had no checking account in Fort Walton Beach.
We note the finding of the trial court that there was no evidence that the plaintiff had any contact of any nature with the defendant bank that would have induced the bank to open an account, accept the deposits, or to deposit the same in the manner *162 in which they were deposited. The issue here is whether the failure of the plaintiff to discover, under the facts in this case, that the checks that had been restrictively endorsed and had been wrongfully deposited into the account of its employee for over a period of approximately 13 months constituted negligence that would limit the plaintiff's recovery in its action against the bank.
The bank argues that the conversion of the plaintiff's funds continued over such a long period of time that the plaintiff should have discovered such embezzlement and its failure to discover constituted negligence that reduces the liability of the bank.
The plaintiff committed no act that would cause the bank to accept the restrictively endorsed instruments and deposit the same into the account of the plaintiff's employee. Having committed no such act of inducement, there is no negligence on the part of the plaintiff that proximately caused the bank to conduct its operation as it did. In Fargo National Bank v. Massey-Ferguson, Inc., 400 F.2d 223 (8th Cir.1968), the court held:
"`... negligence of the payee effective to bar recovery must be such as directly and proximately affects the conduct of the bank, contributing to and inducing its acceptance of the forged endorsement itself.'" (at p. 227)
The court further held that the unbusinesslike manner in which the company conducted its affairs and lack of careful supervision over employees were facts too remote from the bank's acceptance of the forged endorsements to be the proximate cause of loss resulting from such endorsements.
The bank leans upon the provision of Section 674.103(5) which in part provides:
"The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount which could not have been realized by the use of ordinary care... ."
Under the facts in this case, the provision of the statute quoted would have no application because of a complete absence of any act on the part of the payee to induce the bank to accept any one of the restrictively endorsed checks. In Miami Beach First National Bank v. Edgerly, 121 So.2d 417 (Fla. 1960), the Supreme Court held:
"... It is the unconditional duty of the bank to pay the money only to the payee, or his order, and it is the responsibility of the bank, solely, to determine the genuineness of the endorsement and the identity of the person presenting the check for payment... ." (at p. 419)
Earlier, the same court held in Lewis State Bank v. Raker, 138 Fla. 227, 189 So. 227 (1939):
"`A bank, paying a check upon the unauthorized indorsement of the payee and charging the amount thereof to the drawer's account, becomes liable to the payee for the amount of such check, unless the conduct of the payee excuses such payment, or prevents him from asserting such liability.'" (at p. 229)
See also 49 A.L.R.3d 843, Forgery By Debtor's Agent  Discharge, wherein the prevailing rule in the United States is stated to be:
"The right of the unpaid creditor to proceed directly against the collecting or drawee banks now appears to be clearly established, notwithstanding the contrary views of some earlier cases. It is generally said that the drawee bank's payment of the check on a forged indorsement constitutes a conversion of the instrument as to the payee; and this view has been adopted by Uniform Commercial Code § 3-419(1)(c). [Sec. 673.419(1)(c), Fla. Stat. (1977)] Likewise, it is generally said that a bank which has obtained possession of a check upon an unauthorized or forged indorsement of the payee's signature, and has collected the amount of the check from the drawee, is liable for the proceeds thereof to the payee or other owner, notwithstanding that the proceeds have been paid to the person from whom the check was obtained, and notwithstanding that the payee's signature was forged by his employee or agent, such cases taking the view that possession of the check on the forged or unauthorized *163 indorsement is wrongful, and that when the money has been collected on the check, the bank can be held as for money had and received or in action for conversion." (at p. 849)
The final judgment appealed from is REVERSED with directions to enter judgment in favor of O.K. Moving & Storage Co., Inc., for the total amount of checks so accepted by the bank, namely $19,356.01, together with interest thereon at the legal rate from the date and amount of deposit of each check, together with plaintiff's costs.
SMITH, Acting C.J., and BOOTH, J., concur.