SCHWARTZ, Chief Judge.
The appellant, Florida National Bank, is a financing bank which was granted a security interest, evidenced by a UCC-1 form, in the accounts of Adamello Lines, Inc. In the present action, brought as Ada-mello’s assignee, it sought to recover from collecting and drawee banks on the ground that, after the assignment, they had improperly paid third persons on checks made payable to Adamello which had been allegedly transferred by an unauthorized representative of that corporation without appropriate endorsements. See § 673.419, Fla. Stat. (1983); O.K. Moving & Storage Co. v. Elgin National Bank, 363 So.2d 160 (Fla. 5th DCA 1978); Siegel Trading Co. v. Coral Ridge National Bank, 328 So.2d 476 (Fla. 4th DCA 1976).
This action is one which sounds in the tort of conversion. See O.K. Moving & Storage Co., 363 So.2d at 162; Siegel Trading Co., 328 So.2d at 477-78. It is evident, however, that there was no effective assignment of such a claim under the instru *727 ments in question. Section 679.104(11), Florida Statutes (1983), specifically provides that Article 9 of the UCC “does not apply ... [t]o a transfer in whole or in part of any claim arising out of tort....” See In re Ore Cargo, Inc., 544 F.2d 80 (2d Cir.1976). Thus, as the appellees asserted below, the appellant lacks standing to maintain this proceeding. On that basis, without reaching the other grounds relied upon in the trial court and on appeal, the judgment under review is affirmed.